The plaintiffs were nonsuited at the Circuit, excepting the borough of Riverside, which, upon motion to strike out the complaint before Mr. Justice Parker, was declared not liable, upon the following state of facts: Riverside is a borough, situated upon the line of the New Jersey and New York Railroad Company, while Alvin Cooper is the station agent of the company. The borough leased from the New Jersey and New York Railroad Company, which is lessee of the Erie Railroad Company, a plot of ground maintained *Page 334 
by it as a park, immediately above the station, from which access to the station is obtained by means of stone steps, guarded by a handrail, all of which was maintained by the borough, presumably as an accessory to the park, for the public convenience.
On January 21st, 1925, while proceeding to meet her husband, about six o'clock in the evening, and while descending the stone stairway from the park to the station, the plaintiff Louise Kuchler fell upon the steps, as she alleges, by reason of the negligent accumulation thereon of hardened ice, resulting from a storm within a few days prior to the accident. The fall resulted in producing serious injuries to her person, to recover damages for which she instituted this suit.
The rule is well settled that an action of this nature will not lie against a municipal corporation for the alleged nonfeasance or negligence of its officers in the performance of public duty.Livermore v. Freeholders, 29 N.J.L. 245; Bisbing v.Asbury Park, 80 Id. 416, and cases cited.
The maintenance of public parks is a recognized method of serving the public interest, and nothing in the instant case is presented to differentiate it as an exception from the application of this well-settled rule. The action of the court, therefore, in striking out the complaint as to the borough manifestly must be sustained. The railroad companies did not maintain the stairway, nor did they assume any active participation in its control or management. On the contrary, the testimony evinces that whatever supervision and control was bestowed upon the way was at the instance of the borough authorities. There was no proof connecting the Erie Railroad Company with the situation, excepting its legal relationship with the New Jersey and New York Railroad Company, which was not distinctly in evidence. The latter railroad company was not in actual or legal possession of the locus in quo, but had parted with its ownership under a lease to the borough, which manifestly excluded it from the power of exercising active control and ownership of the property. In such a situation the power of maintenance and control furnishes the legal status of liability, based upon the theory of a failure to perform a legal duty. 2Ad. Torts 580. *Page 335 
One cannot, therefore be made liable for negligence in the maintenance and control of property, which is not within his power or province to control or maintain, in the absence of which power no legal duty can be evolved or predicated. Kingsley v.Delaware, Lackawanna and Western Railroad Co., 81 N.J.L. 536;Courtinard v. Gray Burial Co., 99 Id. 189; 20 R.C.L. 10, and cases cited.
The application of this rule obviously comprehends the situation of the station agent, whose liability as a servant of the railroad necessarily is comprehended in and determined by the status of his master or employer.
The result is that the judgment appealed from in each instance will be affirmed.
For affirmance — THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ, 14.
For reversal — None.