BENJAMIN F. WATKINS v. THE BOARD OF CHOSEN FREE-
HOLDERS OF THE COUNTY OF ATLANTIC.

Argued November 9, 1905—Decided February 26, 1906.

The duty imposed upon the board of freeholders by section 30 of the
Criminal Procedure act (*Pamph. L.* 1898, *p.* 877) to take care
that witnesses detained in the county jail shall be "comfortably
lodged and provided for, and no further restricted of their liberty
than is necessary for such detention," is a governmental duty of
a purely public character, for neglect of which no private action
lies in favor of a person specially damnified in the absence of a
statute conferring such right of action.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices HEN-
DRICKSON and PITNEY.

For the plaintiff, *Herbert C. Bartlett.*

For the defendant, *Harry R. Coulomb* and *Enoch A.
Higbee.*

The opinion of the court was delivered by

PITNEY, J. The plaintiff's declaration seeks to impose
upon the county of Atlantic, in its corporate capacity, a lia-
bility for the special damage that accrued to him, as is
alleged, through a breach of the duty imposed upon the
board of freeholders of the county by section 30 of the Crim-
inal Procedure act. *Pamph. L.* 1898, *p.* 877. That sec-
tion reads as follows: "No person shall be committed to or
be detained in the jail of any county for securing his appear-
ance as a witness against any person charged with a crime or
misdemeanor, except in cases punishable by imprisonment in
the state prison; nor shall persons so detained be kept in the
same apartment with or be provided with the same fare as
persons charged with or convicted of crime, but the boards

of chosen ·freeholders for each county shall take care that they be comfortably lodged and provided for, and no further restricted of their liberty than is necessary for such detention."

It is averred that the plaintiff, having been committed to the common jail of Atlantic county as a witness in behalf of the state against a certain person charged with crime, was for several days and nights detained in the same apartment with persons who were charged with crimes, and that the plaintiff was furnished and provided with only the same fare as prisoners charged with or convicted of crime and therein detained. From other averments it is to be gathered that during his detention the plaintiff was not comfortably lodged and provided for. It is alleged that all this occurred "by reason of the failure and neglect of the defendants to see and take care that the plaintiff was provided with different food than was provided for prisoners charged with or convicted of crime, and to take care that plaintiff was comfortably lodged and provided for, and no further restricted of his liberty, than was necessary for his detention." Loss of health is set up as a special damage resulting from the wrong complained of.

To this declaration a demurrer is interposed on the ground that defendant, being a municipal corporation, is not responsible in law for the damages alleged to have been sustained by the plaintiff by reason of the alleged neglects and omissions in the declaration mentioned.

The declaration does not aver that plaintiff's incarceration was brought about in any way by the defendant, and it is hardly necessary to mention that under our system the boards of freeholders are not the keepers of the jails, nor charged with the personal custody of the prisoners. By the statute (*Gen. Stat., p.* 409) the chosen freeholders in the several counties are constituted a body politic and corporate by the name of "The Board of Chosen Freeholders of the County of Atlantic" (or as the case may be), and upon them are conferred certain powers of local government, and especially the ordering of taxes to be raised for county purposes. *Gen. Stat., p.* 411, § 12, &c.; *p.* 430, § 126, &c.

The duty imposed upon the board of freeholders by section 30 of the Criminal Procedure act of 1898 appears to have originated with the Criminal Procedure act of 1875. *Gen. Stat., p.* 1123, § 22. The section being *in pari materia* with the act incorporating the boards of chosen freeholders and prescribing their other duties, we construe its declaration that the freeholders for each county "shall take care" that detained witnesses shall be comfortably lodged and provided for, &c., as meaning that they shall exercise a governmental supervision of the jail in that behalf, and shall see to it that the necessary moneys are provided to furnish for witnesses accommodations of the prescribed kind; not that the freeholders are in any sense constituted the custodians of detained witnesses.

It is well settled in this state as a general rule that an action will not lie in behalf of an individual who has sustained a special damage through the neglect of a municipal corporation to perform a public duty unless the right of action is conferred by statute. *Freeholders* v. *Strader,* 3 *Harr.* 108; *Livermore* v. *Freeholders,* 5 *Dutcher* 245; *Pray* v. *Jersey City,* 3 *Vroom* 394. The same rule is applied where the employes or officers of a municipal corporation are negligent in the performance of such duties, it being held that the doctrine of *respondeat superior* will not operate to create a liability on the part of the corporation in such a case. *Condict* v. *Jersey City,* 17 *Vroom* 157; *Wild* v. *Paterson,* 18 *Id.* 406; see, also, *Tomlin* v. *Hildreth,* 36 *Id.* 438.

It is, however, ingeniously argued by counsel for the plaintiff in the present case that the duty imposed by section 30 of the Criminal Procedure act is not a public duty in the proper sense, but a specific duty owing from the defendant to the plaintiff, it being argued that the statute only relates to a particular class of people, that is, witnesses detained in common jails, from which it is reasoned that the injury in question was to an individual and not to the public, so that no indictment would lie. In our opinion this argument is not sound. Witnesses detained in common jails are not a class of citizens in any such sense that a duty owing to them

may be dealt with as a duty owing to individuals. Any person is liable, under certain circumstances, to be detained as a witness, and the duty of providing for the comfort of persons thus detained is in every proper sense a governmental duty of a purely public nature. For its neglect, therefore, an indictment is the proper remedy, and no private action lies in favor of a person specially damnified, the legislature not having seen fit to confer such right of action by statute.

The defendant is entitled to judgment on the demurrer.