BENJAMIN F. WATKINS v. SAMUEL KIRBY.

Argued June 5, 1906—Decided November 12, 1906.

Plaintiff's declaration was that, having been committed to the common jail as a witness in a criminal case, he was not furnished by the defendant, who was the sheriff having custody of the said jail, with the separate accommodation prescribed by section 30 of the Criminal Procedure act. The defendant pleaded that the board of chosen freeholders had not made provision for such separate accommodation. *Held*, upon demurrer to this plea, that the declaration was bad for failure to charge the affirmative of the allegation that was negatived by the plea.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff, *Herbert C. Bartlett.*

For the defendant, *William M. Clevenger.*

The opinion of the court was delivered by

GARRISON, J. This is a demurrer to pleas. The gravamen of the declaration was that the plaintiff, having been committed to the common jail as a witness in a homicide case, was not furnished by the defendant, who was the sheriff having custody of said jail, with the separate accommodation provided for by section 30 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 877), which conduct of the defendant "was contrary to law, and particularly to" section 30 above mentioned. The legal effect of this pleading is to charge the defendant with the violation of some duty to the plaintiff arising under the provisions of the recited statute. The provisions of this statute, shortly before the bringing of this suit, had received judicial construction in an action brought by the same plaintiff for the same cause of action against the board of chosen freeholders of Atlantic county, in which action, upon demurrer to the declaration, this court held that the statute in question imposed upon the board of chosen freeholders the duty of exercising a governmental supervision of the jail with respect to the provisions of the act, and of seeing to it that the necessary moneys were provided to furnish for witnesses accommodations of the prescribed kind, and that this was a public duty for the neglect of which an action would not lie in behalf of an individual specially damaged by such neglect. *Watkins* v. *Freeholders of Atlantic,* 44 *Vroom* 213.

Such being the construction that had been placed upon this statutory provision the defendant, when sued in the present action for his negligence as sheriff, pleaded—*first,* that although the board of chosen freeholders had been requested by him to provide the separate accommodations required by section 30, they had neglected and refused so to provide; and *second,* that prior to the commitment of the plaintiff as a witness the board of chosen freeholders did not "take care," which is the language of the statute, that the witness so committed be furnished with the separate provision prescribed by that statute. To these pleas the plaintiff has demurred upon

the general ground that the facts alleged in them are not responsive to any facts set forth in the declaration. This is true, but it is equally true that the pleas are responsive to a fact that ought to have been set out in the declaration, namely, that the board of chosen freeholders had performed the duty imposed upon them by section 30, as construed in the case above cited, for until this primary duty, which is the only one expressly imposed by the statute, had been performed, it is not admissible to charge the defendant with any duty to the plaintiff, statutory or otherwise, in the premises. In fine, until the board of chosen freeholders has performed the duty directly imposed upon it by this statute, at least to the extent of providing the moneys necessary to carry into effect the other provisions of the act, no implication of negligence arises with respect to any other body or person.

The plaintiff's declaration was therefore defective in that it failed to state the only condition under which, if at all, a duty was cast upon the defendant. The defendant might have demurred to this declaration, but instead of taking that course elected to treat the declaration as tendering an issue by traversing facts that were not, but should have been, pleaded by the plaintiff. This was inartificial pleading that upon a motion to strike out might have fallen under condemnation, but by demurring the plaintiff has opened the door to an attack upon his declaration. The situation, then, is this: The declaration did not allege a state of facts upon which any duty to the defendant arose. The pleas supplied or assumed the missing allegation and then in fact traversed it by stating the opposite to be the truth. By demurring to this pleading the plaintiff is in this dilemma, namely, that if the pleas are bad because they negative an allegation not contained in the declaration, the declaration is bad because it does not contain such allegation; whereas if the declaration be good upon the assumption that it does contain such allegation, then the pleas by which such allegation is denied are also good; hence, whichever horn of this dilemma be taken, the judgment on this demurrer must be for the defendant.