JOHN KEHOE, PLAINTIFF IN ERROR, v. THE BOROUGH OF RUTHERFORD, DEFENDANT IN ERROR.

Argued November 28, 1906—Decided March 4, 1907.

1. The exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrong-doing chargeable to the corporation.

2. A municipality has no right, by artificial drains, to divert surface water from the course it would otherwise take and cast it, in a body large enough to do substantial injury, on land where, but for such artificial drains, it would not go.

On error to the Bergen County Circuit Court.

For the plaintiff in error, *George P. Rust* and *Arthur S. Corbin.*

For the defendant in error, *John M. Bell.*

The opinion of the court was delivered by

TRENCHARD, J.    This writ of error brings under review a judgment of the Bergen County Circuit Court in favor of the defendant in error, the defendant below.

The action was brought by John Kehoe, the plaintiff below, to recover for injuries resulting to his property from the discharge of surface water thereon by the borough of Rutherford, the defendant below.

At the close of the evidence produced by the plaintiff the trial judge directed a nonsuit, and this writ of error raises the question whether, in so doing, there was reversible error.

The evidence before the trial judge, when his direction was given, exhibited the following facts:

Rutherford avenue is the dividing line between the borough of Rutherford and Union township.    At the northerly corner of Park avenue and Rutherford avenue, in the borough of Rutherford, Bergen county, there was a stone culvert or sluiceway which received the surface water flowing down the northerly side of Park avenue and conveyed it beneath the surface of the street, around the corner and across Stuyvesant avenue (which intersects Rutherford avenue and Park avenue at this point) and discharged the surface water upon Rutherford avenue at a point opposite, or nearly opposite, the property of the plaintiff, from whence it flowed with great force upon the lands of the plaintiff and into his houses, barns, sheds and gardens.    Park avenue collected the surface water from more than three miles of territory.    The culvert was constructed

nine or ten years ago. Previous to that time the greater portion of the surface water flowing down Park avenue had continued on past Rutherford avenue into the lowlands of Union township and drained through them to the Passaic river. Since the construction of the culvert the water which formerly flowed on Park avenue, across Rutherford avenue, and continued to flow on Park avenue, beyond Rutherford avenue, down into the lowlands of Union township, has been diverted by and now flows through the culvert of flume, around the corner, across Stuyvesant avenue and is discharged upon the surface of Rutherford avenue with such force and in such large quantities that it flows across the street and upon the lands of the plaintiff, where it does substantial injury. That the culvert was built and maintained by the defendant.

To the nonsuit, directed by the trial judge, an exception was prayed and allowed, and the assignment of error thereon raises the only question here for determination.

The direction of nonsuit was rested by the learned trial judge upon the ground that the injury complained of was an act of negligence, to be remedied by indictment only.

It is a rule of law, of very considerable importance, and which is certainly settled in this state, that an action will not lie in behalf of an individual who has sustained special damage from the neglect of a public corporation to perform a public duty. *Pray* v. *Mayor and Common Council of Jersey City,* 3 *Vroom* 394; *Town of Union* v. *Durkes,* 9 *Id.* 21; *Waters* v. *Newark,* 27 *Id.* 361.

But it is also a rule of law of equal importance that the exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrong-doing chargeable to the corporation. *Town of Union* v. *Durkes, supra; Hart* v. *Freeholders of Union,* 28 *Vroom* 90.

It is also the settled law of this state that a municipality has no right, by artificial drains, to divert surface water from the course it would otherwise take and cast it, in a body large

enough to do substantial injury, on land where, but for such artificial drains, it would not go. *Town of Union* v. *Durkes, supra; West Orange* v. *Field,* 10 *Stew. Eq.* 600; *Field* v. *West Orange,* 1 *Dick. Ch. Rep.* 183; *Soule* v. *Passaic,* 2 *Id.* 28; *Miller* v. *Morristown, Id.* 62; *S. C. on appeal,* 3 *Id.* 645.

Reviewing the evidence with these principles in mind, we perceive that it established that the artificial culvert constructed and maintained by the defendant diverted the surface water of a large area from the course which it would otherwise take and cast it, in a body large enough to do substantial injury, on the land of the plaintiff, where, but for such artificial drain, it would not go. We think, therefore, that the nonsuit was erroneous.

The judgment under review should be reversed, and a *venire de novo* awarded.

*For affirmance*—HENDRICKSON, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.