HENRY DOHRMANN, DEFENDANT IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, PLAINTIFF IN ERROR.

Submitted March 24, 1913—Decided June 18, 1913.

A municipality has no right, by artificial drains, to divert surface water from the course it would otherwise take and cast it, in a body large enough to do substantial injury, on land and premises where, but for such artificial drains, it would not go. *Kehoe* v. *Rutherford*, 45 *Vroom* 659, followed.

On error to the Hudson Circuit Court.

For the plaintiff in error, *John Griffin.*

For the defendant in error, *Weller & Lichtenstein.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment on the verdict of a jury in favor of the plaintiff in the Hudson Circuit.

The suit was brought by Henry Dohrmann against the board of chosen freeholders of the county of Hudson, to recover for injuries resulting to his property from the discharge of surface water thereon.

The only question presented is the propriety of the refusal of the trial judge to nonsuit the plaintiff, and the argument is that there was no evidence of such wrong-doing as renders the defendant liable.

We think the trial judge was right in declining to nonsuit.

It will serve no useful purpose here at length to review the testimony. It is sufficient to say that, upon a careful consideration, we think the evidence justified the jury in finding the following matters of fact: The plaintiff was the lessee of a property on the northeast corner of Willow avenue and Fourteenth street, Hoboken, and was there engaged in the hotel business. The defendant constructed a viaduct extending down Fourteenth street from the hill or "palisades" to Willow avenue. It so arranged the approaches to and surface of the viaduct that it collected surface water from a wide territory, which otherwise would flow elsewhere, and carried it through a system of drains, pipes and tanks to a point opposite the plaintiff's property, where, through an opening constructed in the tank, it was discharged in large volume and with great force directly into the plaintiff's hotel building, doing substantial injury to his property.

Clearly, the evidence which opened the way to the jury to find such matters of fact required the trial judge to refuse to nonsuit. The rule of law is that a municipality has no

right, by artificial drains, to divert surface water from the course it would otherwise take and cast it, in a body large enough to do substantial injury, on land and premises where, but for such artificial drains, it would not go. *Kehoe* v. *Rutherford,* 45 *Vroom* 659.

In that case we pointed out that the exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where injury is the result of active wrong-doing chargeable to the corporation.

This disposes of the only argument in favor of the nonsuit which seems to us to require discussion.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, JJ. 12.

*For reversal* — VOORHEES, MINTURN, *HEPPENHEIMER, JJ. 3.