ALTEN S. MILLER, PLAINTIFF, v. THE BOROUGH OF BEL-
MAR, JOSEPH A. MAYER AND LOUIS NORRIS, DE-
FENDANTS.

Argued October 6, 1926—Decided January 28, 1927.

**Assault and Battery—Plaintiff Engaged in an Altercation With
Norris, a Policeman, Who Had Endeavored to Prevent Him
From Bathing in a Dangerous Place—Plaintiff Finally Ar-
rested—Convictions Followed on Charges of Violation of
Ordinance and Disorderly Conduct—Both Convictions Set
Aside—This Charge Then Brought and a Verdict of Six
cents Rendered Against Norris, and No Cause of Action
Against the Borough or Its Mayor—To This Plaintiff Objects
—Ordered That Rule be Discharged.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the plaintiff, *Harry R. Cooper* and *James D. Carton.*

For the defendants, *Edward A. Markley, John J. Quinn,
Gilbert Van Note* and *Joseph Silverstein.*

PER CURIAM.

This is the plaintiff's rule to show cause why the nonsuit
with respect to the borough of Belmar and Joseph A. Mayer
(the mayor of the borough) should not be set aside, and also
why the verdict in favor of the plaintiff for six cents against
Louis Norris, a policeman, should not be set aside as
inadequate.

At the trial the evidence tended to show the following mat-
ters of fact (among others) : On August 10th, 1924, the
plaintiff was engaged in bathing in the ocean at the borough
of Belmar. This part of the beach where he was bathing
was dangerous, several people having nearly lost their lives
there. The borough authorities in recognition of that dan-

ger, had enacted an ordinance regulating bathing and establishing safety limits, and there was also maintained a life guard on the beach at this point. Plaintiff persisted in bathing at this dangerous point, being in the water at times over his head, and the beach guard undertook to get him to come in near shore and to observe the regulations. That the plaintiff refused to do. The beach guard, having other bathers to look after, telephoned to police headquarters to send down a policeman. The policeman sent down was Louis Norris, one of the defendants. He came down and at that time the plaintiff was sitting where the waves washed the beach. Norris and the guard undertook to get the plaintiff out of the water. He refused to come. Norris went down and touched him on the shoulder. The plaintiff became insolent and abusive, refused to come in, called Norris a "swine" and "thug," and kept it up. Norris then endeavored to bring plaintiff in shore. The plaintiff resisted and denounced him and all the other police officers, loudly calling them "swine" and "thugs," and a crowd collected, in the scrimmage the plaintiff pulled the policeman's belt off, and got him down in the water, and as the policeman says, pretty well "mussed him up," whereupon the policeman called others to help him and they got plaintiff, kicking and fighting, out of the water and carried him to an automobile and took him to police headquarters. There the abuse upon the part of the plaintiff of all police officers continued. A complaint for violation of the ordinance was made against him by Norris. He was released on bail, and was later tried and convicted on that charge. He also was tried and convicted on a charge of disorderly conduct made by Norris. These convictions were both reversed by a reviewing court (we surmise upon technical grounds), and a charge made against him by Norris for resisting an officer seems to have been ignored by the grand jury.

Following these proceedings, the plaintiff began this suit for assault and battery, false imprisonment and malicious prosecution, with the result that we have indicated.

We have carefully examined the evidence, both that to which we have referred and that to which we have not referred. We do not think there was any liability shown upon the part of the borough. *Tomlin* v. *Hildreth,* 65 *N. J. L.* 438; *Valentine* v. *Englewood,* 76 *Id.* 509. The nonsuit was right as to it. We do not think there was any liability upon the part of the mayor. *MacLaughlin* v. *Lehigh Valley Railroad,* 93 *Id.* 263. The nonsuit was right as to him.

We think that the verdict of the jury of six cents against Norris was not inadequate nor contrary to the evidence or the charge of the court. Assuming that there was a technical infringement of plaintiff's rights upon the part of the officer, in view of the fact (which we think was a fact) that the plaintiff suffered no physical injury at all (his only injury being an injury to his ankle which he inflicted upon himself by trying to kick the officers and hitting the boardwalk), we cannot say that the verdict of six cents should be disturbed, more especially in view of the fact, as we find it, of the abusive character of the plaintiff's conduct and language, which in our judgment justified his arrest and a proper complaint against him.

We find no error prejudicial to the plaintiff in the admission or rejection of evidence, and no error raised on this record respecting the direction of a verdict in favor of Norris on the first count in so far as it alleged a cause of action for malicious prosecution, nor do we find any prejudicial error in the refusal to direct a verdict for the plaintiff on the first count in so far as it alleged a cause of action for false imprisonment, nor do we find any prejudicial error in the refusal to charge requests.

The rule to show cause will be discharged.