CARMELLA BENGIVENGA, ADMINISTRATRIX AD PROSE-
QUENDUM OF ANGELINA BENGIVENGA, DECEASED,
PLAINTIFF-APPELLANT, v. THE CITY OF PLAINFIELD,
A MUNICIPAL CORPORATION, DEFENDANT-RESPOND-
ENT.

Argued February 3d, 1942—Decided May 14, 1942.

For the plaintiff-appellant, *William V. Azzoli*.

For the defendant-respondent, *Salvador Diana*.

The opinion of the court was delivered by

WELLS, J.   This is an appeal from an order made and judgment entered in the Union County Circuit Court striking out the complaint and dismissing the cause of action at law on the ground that neither of the two counts of said complaint was sufficient in law to maintain an action against the defendant.

The first five paragraphs of both counts are identical and allege in substance that on July 23d, 1938, the plaintiff's intestate, Angelina Bengivenga, was a pedestrian lawfully walking on the sidewalk on the westerly side of Berkman Street in the vicinity of South Avenue, Plainfield, New Jersey; that on said date and for a long time prior thereto the defendant was in control of Berkman Street and South Avenue and all sewers, streams, sidewalks, conduits and drains within the lines of said public streets and the inlets and outlets thereof; that on said date the said Angelina Bengivenga was precipitated through said sidewalk, which paralleled Berkman Street, by reason of the opening up and collapse of said sidewalk which was caused by the prior acts (not specifying them) of defendant, and this precipitation through the sidewalk was the cause of Angelina Bengivenga's death.

Before discussing the sufficiency of the complaint, it might be well to state briefly a few of the rules of law pertaining to the subject-matter of the suit.

First: It is well settled that any one injured by the negligence of a municipality acting in a proprietary function may maintain an action against a municipality. *Fay v. City of Trenton*, 126 *N. J. L.* 52; *Martin v. Asbury Park*, 111 *Id.* 364.

Second: When a municipality is acting in a governmental function it must first be determined if the acts complained of constitute a private or public nuisance. If a private nuisance is properly charged and alleged in the complaint, a municipality can be held for negligence if it had prior notice of the condition. *Jersey City v. Kiernan*, 50 *N. J. L.* 246. If, however, the acts complained of result in a private nuisance and active wrongdoing is also present, then prior notice of

the condition is not required. *Garrison* v. *Fort Lee*, 92 *Id.* 566.

Third: "The courts of this state have said in conclusive form that the neglect of a municipal corporation to perform or its negligence in the performance of a public duty imposed on it by law, is a public wrong to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect." *Waters* v. *Newark*, 56 *N. J. L.* 361; *affirmed*, 57 *Id.* 456.

"But it is also a rule of law of equal importance that the exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrongdoing chargeable to the corporation." *Doran* v. *Asbury Park*, 91 *N. J. L.* 651; *Kehoe* v. *Rutherford*, 74 *Id.* 659; 65 *Atl. Rep.* 1046.

The building of streets, sidewalks, sewers and drains is a proper governmental function and it is conceded that the municipal function in the course of which the alleged injury in the instant case arose was governmental and not proprietary. There can be no doubt that the acts complained of constitute a public nuisance (*i. e.*, one which might cause damage to any member of the public) and not a private nuisance (*i. e.*, one which might cause special damage to a limited number of persons only). If we are right in the premises, then in order to maintain an action against the municipality, active wrongdoing must necessarily be charged and proved. *Buckalew* v. *Freeholders of Middlesex*, 91 *N. J. L.* 517. See, also, *Allas* v. *Rumson*, 115 *Id.* 593.

Inasmuch as the question involved in this appeal is the propriety of the order of the trial court in striking out the complaint on the ground of its insufficiency, we deem it advisable, even at the risk of being prolix, to set forth substantially *verbatim* the sixth and seventh paragraphs of the two counts of the complaint.

The sixth paragraph of the first count alleges that—

"The opening up and collapse of said westerly sidewalk * * * was caused by the wrongful acts of the defendant in maintaining a nuisance on said date and prior thereto in and under said sidewalk in said public street, * * * in that the foundation under said sidewalk was, and was known by the defendant to be, and was caused by defendant to be on said date and prior thereto, inadequate, soft, mushy and of insufficient strength to hold up said sidewalk. The said sidewalk * * * was improperly and inadequately constructed" (not stating when, how or by whom) "and maintained and was a nuisance in that it was a trap and danger to pedestrians and would not, during rain storms, sustain the weight of pedestrians thereon and was likely to collapse with the weight of normal adult persons. The construction underneath said sidewalk connected with a natural flowing brook which during rain storms and high water undermined the foundation of said sidewalk. This condition was produced by defendant" (not stating how) "and was known to defendant for a long time prior to the injury and death of said Angelina Bengivenga. The defendant not only maintained said nuisance underneath said sidewalk, but actively added to and increased the conditions existing therein by causing water, drains, gutters, and surface water to flow into the storm conduit and into the natural stream under said public highway;" (no facts being averred upon which these conclusions are based) "and the said defendant permitted a long distance on the westerly side of Berkman Street to have the highway curb cut away and with great quantities of cement curbing and pavement removed either partially or entirely thereby increasing the hazards resulting from said nuisance, and thereby making the sidewalk and foundation weak."

Paragraph 7 of the first count of the complaint recapitulates the theory of law upon which the legal liability of the defendant is grounded. It reads—

"By reason of the wrongful and unlawful maintenance of said nuisance by defendant the said Angelina Bengivenga was precipitated through said sidewalk and she was thereby

injured so her death proximately resulted therefrom on the date aforesaid."

The "condition produced by defendant" obviously could not have been the natural flowing brook and, therefore, the wrongful act must have been the connecting of the "construction" underneath the sidewalk with the brook so that during rain storms and high water the foundations of the sidewalk are undermined.

A careful reading of the sixth paragraph of the first count indicates the complaint to be that the city failed to do something which would remedy the condition, in this case, strengthen or correct a weakened sidewalk.

While it is said that the city maintained a nuisance, that is a mere conclusion and that if it were a nuisance, facts must be pleaded which support the conclusion.

It is not charged in the complaint that the city built the sidewalk in an improper manner or in an unsuitable place, in fact, the complaint does not allege that the city built the sidewalk at all.

It is charged merely that the sidewalk was improperly and "inadequately construed and maintained." It cannot be inferred that the sidewalk was constructed by the city for it is a well known fact that sidewalks are frequently constructed by the property owners rather than by the municipalities.

A remote cause of the caving in of the sidewalk was the increased flow of water during heavy rain storms from gutters and drains into the storm conduit and into the natural stream, but the efficient cause was the alleged neglect in not repairing and fortifying the sidewalk weakened thereby.

The only positive act alleged which could cause the condition was the addition of surface water to the natural stream. This, under the decision of this court in *Waters* v. *Newark, supra,* is not sufficient.

The basic facts in Waters v. Newark are quite similar to the facts alleged in the instant complaint. The subsequent addition of new sewers and connections caused an overflow onto the streets and into plaintiff's abutting properties.

The court said:

"An examination of the statement of facts certified shows

that the sewer maintained by the defendants on Kinney Street was not at all times of sufficient capacity to vent the water that reached it through the transverse sewers, and that in consequence of this neglect the public highway upon which the plaintiff abutted was overflowed. It is evident, therefore, that the condition to which the plaintiff refers her special injury was one to which the public at large was, to a greater or less extent, subjected, and that, upon proof of these same facts, an indictment would be sustained. This being so, there is, upon the authorities above cited, no private right of action in the plaintiff."

In the Waters case the proofs showed that the city had constructed the original sewer and made the additional connections and had maintained the same and yet the court designated the city's acts as negligence and not active wrongdoing.

It is, therefore, obvious that the first count of the complaint is designed to charge liability on the defendant on the ground that it failed to perform duty imposed upon it by law in respect to the streets and sidewalks in question. The count contains nothing more than characterizations and statements of conclusions which, at the most charge the defendant with negligence in maintaining a nuisance and do not state facts which, even if true, would meet the requirements laid down in our decisions to support a charge for the creation of a private nuisance or for active wrongdoing if the nuisance were public. There are no pleaded facts indicating in what way the defendant caused the sidewalk to become inadequate, &c., except that the condition was brought about by rain waters overflowing a natural brook or drain which ran under the sidewalk. The complaint does not accuse defendant of creating, controlling, directing or diverting the natural brook or the waters thereof.

The result is that the first count does not disclose any right of action against the defendant.

Paragraph sixth of the second count of the complaint states that—

"The opening up and collapse of said westerly sidewalk on the westerly side of Berkman Street, Plainfield, New Jersey,

was caused through the carelessness and negligence of defendant. On and before the said date the said defendant carelessly and negligently permitted the foundation under said sidewalk to become inadequate, soft, mushy and of insufficient strength to hold up said sidewalk. The said defendant carelessly and negligently maintained the said sidewalk so that it was a trap and danger to pedestrians and would not during rain storms, sustain the weight of pedestrians thereon and the said sidewalk was likely to collapse with a normal adult person. The said defendant carelessly and negligently caused water to flow into the storm conduit and into the natural stream under said public highway whereby the foundation of said sidewalk became undermined; and the said defendant carelessly and negligently permitted a long distance on the westerly side of Berkman Street, with a highway curb cut away and with great quantities of cement curbing and pavement removed, either partially or entirely, thereby carelessly and negligently increasing the hazard of said sidewalk and driveway under which the foundation had been and was being undermined. All of the foregoing was known to the defendant for a long time prior to the injury and death of said Angelina Bengivenga."

The theory of law upon which the above paragraph is based is summarized by paragraph 7 which follows and which alleges that—

"By reason of the careless and negligent acts of the said defendant, the said Angelina Bengivenga was precipitated through said sidewalk and she was thereby injured so her death proximately resulted therefrom on the date aforesaid."

Obviously this count is based solely on negligence and affords no basis for liability on the part of the defendant municipality.

We agree with appellant who says that for the purpose of the motion to strike out a complaint the defendant admits the truth of all facts well pleaded in the complaint, and all inferences of fact which can be legitimately drawn therefrom. The sufficiency of the complaint, however, must be determined from the facts therein properly alleged from which a legal duty and the liability for the violation thereof are deduced.

The question presented here for determination boils down to whether the complaint alleges such active wrongdoing as must necessarily be charged and proved to sustain an action against a municipality.

We are of the opinion that it does not—and conclude that the judgment, entered on the order of the trial court, striking out the complaint and dismissing the cause of action, was proper and should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ.    11.

*For reversal*—DONGES, HEHER, PORTER, JJ.    3.