**John Monroe LACK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16054.**

United States Court of Appeals
Eighth Circuit.

Dec. 23, 1958.

Eugene P. Donnelly, Kansas City, Mo., for appellant.

Peter H. Schiff, Attorney, Department of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Edward L. Scheufler, U. S. Atty., Kansas City, Mo., and Morton Hollander, Attorney, Department of Justice, Washington, D. C. on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTER-HOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff, Lack, from judgment dismissing his complaint against the United States, wherein he sought damages for substantial and permanent injuries sustained by him while serving a sentence in the United States Penitentiary at Leavenworth, Kansas. The complaint alleged that plaintiff's injuries were caused by the negligence of the officials and employees of the penitentiary in failing to provide him with a safe place to work, and in failing to instruct or warn him as to the dangerous nature of his work. Plaintiff was ordered by a penitentiary employee, acting within the scope of his employment, to make repairs on the mechanism of an overhead garage door situated within the confines of the penitentiary. The plaintiff while performing such work was injured when the door suddenly moved upward, knocking him from the ladder on which he was standing while working.

Plaintiff bases his right to bring this suit on the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq. Section 1346(b) provides, in part: "* * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Section 2674 provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."

The Government filed motion for summary judgment, urging that the Federal Tort Claims Act does not authorize suits against the United States by federal prisoners. The trial court sustained the motion and dismissed the action.

The only issue presented by this appeal is whether, under the Federal Tort Claims Act, a federal prisoner may recover damages from the United States for injuries sustained during the period of his incarceration, caused by the negligence of prison officials or employees.

The Supreme Court has not passed upon the issue before us in this case. The Court of Appeals for the Seventh Circuit and all district courts which have considered the question have held that the Federal Tort Claims Act does not give the inmate of a federal prison a cause of action against the Government for injuries caused by the negligence of prison officials or employees. Jones v. United States, 7 Cir., 249 F.2d 864; Van Zuch v. United States, D.C.E.D.N.Y., 118 F. Supp. 468; Shew v. United States, D.C. M.D.N.C., 116 F.Supp. 1; Sigmon v. United States, D.C.W.D.Va., 110 F.Supp. 906. A number of unreported district

court cases have reached the same result.[1] No cases to the contrary have been cited or found.

No purpose would be served by a detailed discussion of the reasoning upon which the decisions just cited are based. The opinions speak for themselves. The opinions are largely based upon the rationale of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. The Government as a basis for affirmance relies upon Feres and the cases heretofore cited. Feres holds that the United States is not liable under the Federal Tort Claims Act for injuries to members of the armed forces sustained while on active duty (and not on furlough), resulting from the negligence of others in the armed forces. The Supreme Court, in considering the construction to be given the Act, states that it finds no committee reports or floor debates or other aids to determine the effect the statute was designed to have upon the problem it was considering. The Court says (340 U.S. at page 138, 71 S.Ct. at page 155): "Under these circumstances, no conclusion can be above challenge, but if we misinterpret the Act, at least Congress possesses a ready remedy." Liability to the active soldier was neither expressly included nor excluded by the Act. Although the Court found and enumerated considerations persuasive of liability, it concluded, for reasons set out in the opinion, that liability did not exist. The Court states (340 U.S. at page 146, 71 S.Ct. at page 159):

" * * * Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law. We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence. We cannot impute to Congress such a radical departure from established law in the absence of express congressional command. * * * "

Liability to a prisoner for injuries sustained while in prison is neither expressly imposed nor excluded by the Act. There are, of course, many distinctions between the government-soldier and the government-federal prisoner relationships. However, we believe that it may fairly be said that both relationships are governed exclusively by federal law. As pointed out by the Court in the Sigmon case, supra, 110 F.Supp. at page 908, the relations between the government and its prisoners are prescribed by numerous federal statutes there cited. Provision is made for the medical needs of the prisoners at government expense. 18 U.S.C.A. §§ 4001, 4005. Prison industries are authorized. Compensation for prisoners engaged in such industries and compensation to inmates for injuries suffered in prison industries are authorized. 18 U.S.C.A. § 4126. The plaintiff was not engaged in a prison industry. It would seem that Congress intended to give prisoners engaged in prison industries preferred consideration in the way of compensation for services performed and injuries sustained. The statute granting the relief limits the recovery for injuries sustained in prison industries to the amount allowable under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. We think that it is extremely unlikely that Congress, by the Federal Tort Claims Act, intended to impose any broad tort liability on the part of the government to its prisoners, and to make such liability dependent upon the varying local law of the states in which the prisons are located.

Plaintiff urges that the construction of the Federal Tort Claims Act has been liberalized by Rayonier, Inc., v. United States, 352 U.S. 315, 77 S.Ct. 374, 376, 1 L.Ed.2d 354, and Indian Towing Co., Inc., v. United States, 350 U.S. 61, 76

1. Collins v. United States, D.C.Kan.1958, No. T–1509; Trostle v. United States, D.C.W.D.Mo.1958, No. 1493; Ellison v. United States, D.C.W.D.N.C., Dayton v. United States, D.C.Kan.1950.

S.Ct. 122, 100 L.Ed. 48. This is doubtless true. In Indian Towing Co. the government was held responsible for the negligent operation of a lighthouse. In Rayonier liability was established for negligence of government forest fire fighters. In said cases the Court held that the liability of the United States under the Act is not restricted to the liability of a municipal corporation, and that "an injured party cannot be deprived of his rights under the Act by resort to an alleged distinction, imported from the law of municipal corporations, between the Government's negligence when it acts in a 'proprietary' capacity and its negligence when it acts in a 'uniquely governmental' capacity."

Feres was decided by a unanimous Court. There is nothing in Indian Towing Co. or Rayonier decisions to indicate that the Feres decision is overruled, at least insofar as it applies to the government-soldier relationship. The majority opinion in Indian Towing Co., in holding Feres was not applicable, states (350 U.S. at page 69, 76 S.Ct. at page 127):

"* * * Feres held only that 'the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law.' * * *"

The Indian Towing Co. and the Rayonier cases were both decided before the Seventh Circuit decided the Jones case, supra, but neither of said decisions is mentioned in the Seventh Circuit's opinion.

It is our best judgment that the present case falls somewhere between the Feres situation and those prevailing in Indian Towing Co. and Rayonier. We are inclined to think that Feres is the closest precedent. Private persons can fight forest fires and could conceivably be authorized to operate lighthouses. It is far less likely that private persons could operate armies or prisons. State and municipal governments operate prisons. Plaintiff states that New York allows a prisoner to recover for negligently sustained injuries, citing Moffat v. State, 116 Misc. 8, 189 N.Y.S. 360. Except in New York, where the cause of action is aided by statute, courts have uniformly held that states and municipalities operating the jails are not liable for damages caused convicts by the negligence of prison employees. 41 Am.Jur., Prisons and Prisoners, §§ 17 and 18; 18 C.J.S. Convicts § 9, subd. c; Annotations, 46 A.L.R. 104; 61 A.L.R. 570. It is true that many of the decisions holding nonliability are based upon government immunity. Nevertheless, outside of New York we find no cases establishing tort liability on the part of states and municipalities operating the jails as to the prisoners. The relationship between the jailer and the prisoner is unique. The relationship is certainly not that of employer and employee. In Boyle v. Hudson County, 13 N.J.Super. 239, 80 A.2d 451, one of the many cases holding that a jailer is not liable to a prisoner for negligence, the court, in holding that the doctrine of respondeat superior cannot be applied to the state in a prisoner situation, states (80 A.2d at page 454):

"The claimant was not a voluntary servant for hire and reward. Nor was the State his master in any ordinary sense. He was compelled to labor as a means of reformation, and to endure imprisonment as a punishment for the protection of the community. While employed he was subject to such regulations as the keeper charged with his custody might, from time to time prescribe and if in the course he sustained injury, it must be attributed to the cause which placed him in confinement."

The jailer-prisoner relationship, like the government-soldier relationship does not appear to be analogous to any relationship that exists between private individuals.

In any event, our problem is to ascertain Congress's intention as to whether

the Federal Tort Claims Act imposes liability in our present situation, not to determine what the law should be. As above stated, courts have uniformly declared there is no liability in like situations.

Since the enactment of the Federal Tort Claims Act, Congress has passed a number of private bills for the relief of prisoners. Congress has adopted a policy of not passing private bills where relief is available under the Tort Claims Act. Among the private bills for prisoner relief is that awarding compensation to one Jackson. Act of July 14, 1956, Private Law 773, Chapter 615, 70 Stat. A124. The report of the Senate Committee on the Judiciary, with reference to said bill, reads in part:

"At the time of the accident, Mr. Jackson was not engaged in such an industrial operation as to bring him within the coverage of the workmen's compensation laws, nor is he able to recover from the United States under the Federal Tort Claims Act for his injuries, since it has been held that Federal prisoners cannot maintain such an action. (See Van Zuc[h] v. United States [D.C.], 118 F.Supp. 468; Sigmon v. United States, [D.C.], 110 F.Supp. 906.) Thus it appears that the only method by which the claimant may be compensated for the injuries which he sustained is through private relief legislation. [S.Rep. No. 1976, 84th Cong., 2d Sess. 2.]"

The Committee Report just quoted clearly shows that Congress was aware of the construction placed upon the Federal Tort Claims Act by the courts with reference to prisoners. The passing of the private bill and the legislative history in connection therewith are certainly not conclusive on the issue of the intention of Congress with reference to the Federal Tort Claims Act. For purposes of construction, the intention to be ascertained is the intention existing at the time of the passage of the original Act. However, the circumstance that Congress was aware of the construction given the

Act by the courts and acted upon such construction in passing the private bill, is a circumstance of some weight in our construction problem. In Federal Housing Administration v. The Darlington, Inc., 79 S.Ct. 141, 145, the Supreme Court states:

"* * * When Congress passed the 1954 Amendment, it accepted the construction of the prior Act which bars rentals to transients. Subsequent legislation which declares the intent of an earlier law is not, of course, conclusive in determining what the previous Congress meant. But the later law is entitled to weight when it comes to the problem of construction. See United States v. Stafoff, 260 U.S. 477, 480, 43 S.Ct. 197, 67 L.Ed. 358; Sioux Tribe of Indians v. United States, 316 U.S. 317, 329–330, 62 S.Ct. 1095, 1100–1101, 86 L.Ed. 1501. The purpose of the Act, its administrative construction, and the meaning which a later Congress ascribed to it all point to the conclusion that the housing business to be benefited by FHA insurance did not include rental to transients."

We are here confronted with a difficult problem of statutory construction. While plaintiff makes a persuasive argument in support of his position, we are inclined to agree with the construction placed upon the Act with reference to the prisoner situation by the district court and all other courts which have considered the problem. We believe that if Congress had intended to create a cause of action for negligence in favor of the active soldier or the federal prisoner, it would have specifically provided for such relief, and would likely, at least in the case of prisoners, have placed a limitation upon the amount of recovery, as was done in the statute authorizing compensation for injuries sustained by a prisoner engaged in prison industry. It is doubtful whether Congress intended to create a new liability dependent upon the varying laws of the different states. Moreover, although considerable time

has elapsed since the Feres decision and the decisions in cases involving prisoners, Congress, although aware of such decisions, has done nothing to show its disapproval of the interpretation of the Federal Tort Claims Act as made by the courts. If Congress so desires, it can at any time, by appropriate language, create liability upon the part of the government in this type of case.

The court committed no error in dismissing the complaint.

Affirmed.