**Harold JONES, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 12075.**

United States Court of Appeals Seventh Circuit.

Dec. 9, 1957.

Joseph Cohn, East St. Louis, Ill., for appellant.

C. M. Raemer, U. S. Atty., Charles R. Young, Asst. U. S. Atty., Danville, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff brought this suit under the provisions of the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 1346(b) and 2674. He seeks to recover damages for alleged injuries while incarcerated as a federal prisoner.

Plaintiff was convicted of a Dyer Act, 18 U.S.C.A. §§ 2311–2313 violation and was sentenced for a term of from four months to one year and one day. He was first incarcerated in the District of Columbia jail, and thereafter removed to the District of Columbia reformatory in Lorton, Virginia. Plaintiff alleges that while so imprisoned, he was required to do heavy work although he was suffering from a severe illness; that he suffered a hemorrhage and was unable to obtain the services of a trained physician; that thereafter it was necessary to perform an operation on him in the District of Columbia General Hospital. Plaintiff charged the United States, through its agents, servants and employees, was guilty of negligence 1) in requiring him to perform heavy labor; 2) in failing to tender adequate and competent medical treatment; and 3) in failing to advise him of the nature of his illness. Plaintiff claims he suffered permanent disability and demanded damages of $75,000.00. The District Court granted a motion to dismiss the action on the ground that the complaint did not state a claim against the United States.

Pursuant to Title 18 U.S.C.A. § 4082, the custody of all federal prisoners is placed in the Attorney General of the United States who designates the place of incarceration. Under Title 18 U.S. C.A. § 4041 the Bureau of Prisons is required to provide suitable quarters and to provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States.

Plaintiff argues that the Federal Tort Claims Act waives the sovereign immunity of the United States in actions based upon the negligence or wrongful act or omission of any employee of the United States while acting within the scope of his office and employment. Plaintiff further argues that the employees of the District of Columbia jail, reformatory and hospital fall directly within the scope of the statutory definition of "employee" in the Federal Tort Claims Act.

We do not know of any court decision which has sustained the proposition that an inmate of a federal correctional institution may sue the United States under the provisions of the Federal Tort Claims Act. We know of no federal appellate court which has passed upon the question. However, three district courts have expressly rejected such a contention. Sigmon v. United States, D.C.W.D. Va., 110 F.Supp. 906; Shew v. United States, D.C.M.D.N.C., 116 F.Supp. 1; Van Zuch v. United States, D.C.E.D. N.Y., 118 F.Supp. 468.

In seeking a correct interpretation of the Federal Tort Claims Act, we do not have any congressional committee reports or debates to throw any light upon the intention of Congress. It seems unlikely that it ever occurred to any of

the members of Congress that the claim would be made that the remedies under that Act would be available to an inmate of a federal correctional institution.

■ It is now well established that a member of the armed forces on active duty (as distinguished from being on furlough or leave) cannot sue the United States under the Federal Tort Claims Act. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Buer v. United States of America, 7 Cir., 241 F.2d 3. We think the rationale of those cases is applicable to the case at bar.

28 U.S.C.A. § 1346(b) provides, in part: " *  *  * the district courts *  *  * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, *  *  * for *  *  * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C.A. § 2674 provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, *  *  *."

As pointed out in Feres v. United States, 340 U.S. at pages 141–142, 71 S.Ct. at page 157: "Nor is there any liability 'under like circumstances,' for no private individual has power to conscript or mobilize a private army with such authorities over persons as the Government vests in echelons of command." So, too, in the case at bar, as a private individual does not have any legal right to hold another individual in penal servitude, he never would find himself "under like circumstances."

In Feres, the Supreme Court said, 340 U.S. at page 142, 71 S.Ct. at page 157: "We find no parallel liability before, and we think no new one has been created by, this Act. Its effect is to waive immunity from recognized causes of action and was not to vest the Government with novel and unprecedented liabilities." We think that to permit inmates of federal correctional institutions to avail themselves of the Federal Tort Claims Act would establish a new and novel procedure. We decline to extend the provisions of the Act to federal prisoners absent express Congressional command.

An additional reason why we think no claim was stated in the complaint is well expressed by the court in Sigmon v. United States, 110 F.Supp. at page 908: "Thus, it is obvious that it was the intention of Congress, and it is the policy of the United States, that the entire system of federal penal institutions should be operated uniformly in compliance with federal statutes and regulations. It is hardly conceivable that Congress intended in the passage of the Tort Claims Act to give prisoners rights of action 'in accordance with the law of the place where the act or omission occurred.'" In the case at bar a part of the acts complained of occurred in the District of Columbia, and the balance in the state of Virginia.

■ We hold that prisoners confined in federal penal institutions may not avail themselves of the Federal Tort Claims Act to sue the United States for damages by reason of the alleged negligence of federal government employees charged with the custody and supervision of such prisoners.

Assuming, but not deciding, that the employees of the District of Columbia are federal employees within the meaning of the Federal Tort Claims Act, the District Court was correct in dismissing the complaint as no claim against the United States was stated therein.

Affirmed.