Stanley BERMAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 19108.

United States District Court
E. D. New York.

Feb. 10, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Lawrence G. Nusbaum, Jr., Brooklyn, N. Y., of counsel, for the motion.

Liebowitz, Cobert & Deixel, New York City, Leonard Brodsky, New York City, of counsel, in opposition.

RAYFIEL, District Judge.

The plaintiff, after his conviction for the possession of narcotics, was sentenced to imprisonment for a term of two years. Hon. John M. Cashin, U. S. District Judge, who imposed the sentence, having learned that the plaintiff was addicted to the use of narcotic drugs, recommended "that he be placed in an institution * * * for treatment". On or about September 6, 1956, the plaintiff was committed to the United States Public Health Hospital at Lexington, Kentucky.

The plaintiff claims that on July 26, 1957, while he was confined in said institution, he sustained serious injuries as a result of the negligence of the defend-ant, its agents, servants or employees, and on October 22, 1958, he commenced an action to recover damages therefor. While the complaint does not explicitly so state, the action was brought under the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b).

The Government has moved for an order dismissing the complaint, claiming that the Tort Claims Act does not authorize a suit against the United States for injuries sustained by a prisoner during his confinement in a penal institution.

Except for the case of Jones v. United States, 7 Cir., 249 F.2d 864, no appellate court appears to have passed upon this specific question. In Sigmon v. United States, D.C., 110 F.Supp. 906 and Shew v. United States, D.C., 116 F.Supp. 1, and in Van Zuch v. United States, D.C., 118 F.Supp. 468, decided by Judge Galston, of this Court, all involving actions similar to the instant case, the court held that a suit under said Act by a prisoner may not be maintained.

In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, the Supreme Court had under consideration three actions involving the right of members of the armed services to sue the United States under the Tort Claims Act for injuries sustained, while on active duty, as a result of the negligence of other members of the Services. It stated, 340 U.S. at page 138, 71 S.Ct. at page 155, that "The only issue of law raised is whether the Tort Claims Act extends its remedy to one sustaining 'incident to the service' what under other circumstances would be an actionable wrong."

Section 1346(b), supra, provides a remedy against the United States respecting claims arising "under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred.*" In Feres v. United States, supra, 340 U.S. at pages 142, 143, 71 S.Ct. at pages 157, 158, the Court, in construing that section, said, "This provision rec-

ognizes and assimilates into federal law the rules of substantive law of the several states, among which divergencies are notorious. This perhaps is fair enough when the claimant is not on duty or is free to choose his own habitat and thereby limit the jurisdiction in which it will be possible for federal activities to cause him injury. That his tort claims should be governed by the law of the location where he has elected to be is just as fair when the defendant is the Government as when the defendant is a private individual. But a soldier on active duty has no such choice and must serve any place * * *. That the geography of an injury should select the law to be applied to his tort claims makes no sense. We cannot ignore the fact that most states have abolished the common-law action for damages between employer and employee and superseded it with workmen's compensation statutes which provide, in most instances, the sole basis of liability. Absent this, or where such statutes are inapplicable, states have differing provisions as to limitations of liability and different doctrines as to assumption of risk, fellow-servant rules and contributory or comparative negligence. It would hardly be a rational plan of providing for those disabled in service by others in service to leave them dependent upon geographic considerations of which they have no control and to laws which fluctuate in existence and value.", and the Court concluded "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." It may be added here that a prisoner is not without provision for compensation for injuries which he may sustain while an inmate. Section 4126 of Title 18 U.S.C.

I think the Feres and instant cases are analogous. The relationship between the Government and both the serviceman and the prisoner is "distinctively federal in character." The prisoner does not select the place of his incarceration. He is committed by the court to the custody of the Attorney General of the United States for confinement in an institution to be selected by said Attorney General, and that may be in any state in which the Government maintains such an institution.

In Jones v. United States, supra, the Court of Appeals for the 7th Circuit, in considering the complaint of a prisoner in an action against the United States under the Tort Claims Act, took the position that the rationale of the Feres case was applicable to the case then under consideration by it, and affirmed a judgment of the district court which dismissed the complaint on the ground that it failed to state a claim against the United States.

The plaintiff argues that he was confined in the United States Public Health Hospital, at Lexington, Kentucky, a unit of the Public Health Service, which, under the provisions of Section 202 of Title 42 U.S.C.A., is administered by the Surgeon General, under the supervision and direction of the Secretary of Health, Education and Welfare, and, accordingly, that his status was that of a patient, and not a prisoner; and that the primary purpose of confinement there is to "rehabilitate and restore to health patients in need of treatment."

The fact that the Lexington institution is a hospital did not alter the plaintiff's status. He was convicted of a crime. He was sentenced to imprisonment for a term of two years. As provided by Section 4082 of Title 18 U.S. C., he was committed to the custody of the Attorney General for confinement in an institution of the latter's selection. Judge Cashin's recommendation was not binding upon the Attorney General. However, he was undoubtedly apprised thereof, as well as the reasons therefor, and accordingly directed plaintiff's confinement at Lexington, in an effort to attempt to effect a cure of his drug addiction. Treatment at Lexington is not confined to prisoners. Section 260 (a) of Title 42 U.S.C.A., provides that "Any addict, whether or not he shall have been convicted of an offense against

the United States, may apply to the Surgeon General for admission to a hospital of the Service especially equipped for the accommodation of addicts." But a distinction is made between *prisoners* and *voluntary* patients, for Section 259(d) of said Title provides that *"Every person convicted of an offense against the United States,* upon discharge, or upon release on parole, from a hospital of the Service, shall be furnished with the gratuities and transportation authorized by law to be furnished to prisoners upon release from a penal, correctional, disciplinary, or reformatory institution."  (Emphasis added.)

In the case of Panella v. United States, 2 Cir., 216 F.2d 622, cited by the plaintiff, the Court did not have under consideration the points raised in the cases hereinabove cited.

The motion to dismiss the complaint is granted.

Settle order on notice.