John L. **LAWRENCE**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 945.

United States District Court
N. D. Alabama,
Jasper Division.

Feb. 13, 1961.

Fite & Fite and Robert H. Thomas, Hamilton, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

This cause, coming on to be heard on January 13, 1961, was submitted for final judgment of the court upon the pleadings and the proof. The order on pretrial hearing entered on December 19, 1960, was amended to clarify plaintiff's contention that his injuries and damages proximately resulted either from the negligence of the driver of the vehicle in which he was riding or the negligence of the driver of the other government vehicle involved or the concurring negligence of both.

Suing under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq., plaintiff claims of defendant the sum of $50,000 as damages for personal injuries sustained by him on April 5, 1960, while plaintiff, then a federal prisoner, was riding in a truck being driven by a civilian employee of the United States Air Force, acting within the scope of his office or employment, on Maxwell Air Force Base at Montgomery, Alabama.

At about 8 a. m. on April 5, 1960, plaintiff, along with two other federal prisoners, was riding on the body of a government truck being driven by John C. White, a civilian employee of the Civil Engineer Office, Maxwell Air Force Base, within the scope of his office or employment. Mr. White performed no duties with respect to the custody, detention, safekeeping or supervision of these or any other federal prisoners. Mr. Curtis Dallas, who was a passenger in such vehicle, occupying the right side of the seat in the cab, was acting as the supervisor of plaintiff and the other two prisoners.

Mr. White departed the carpenter shop en route to the Base motor pool where Mr. Dallas was to pick up his own government vehicle. As he reached the corner of a building, a pick-up truck belonging to the Army Air Force and driven by an unidentified individual who was conceded to have been acting within the scope of his office or employment for the defendant and whose duties were not remotely connected with the custody or supervision of federal prisoners, suddenly came around the corner of the building and passed directly in front of the vehicle driven by White.

White stopped his vehicle abruptly, causing plaintiff to fall from his seat and to strike his head on a metal tool box.

Plaintiff sustained a laceration of his scalp which required nine stitches and occasioned severe pain for several days.

While plaintiff complains of residual injury in the nature of recurring headaches and dizzy spells since his release from confinement, there is no objective evidence to substantiate his complaints. The court finds that he is not suffering from any disability or loss of earnings attributable to such injury.

 Clearly plaintiff was guilty of no contributory negligence and the court finds that his injury proximately resulted from the concurring negligence of Mr. White in stopping his vehicle too suddenly and abruptly, and the negligence of the unidentified driver referred to above in driving his vehicle at a speed too great under the prevailing circumstances.

 The court further finds that the sum of one thousand dollars is a fair pecuniary evaluation of plaintiff's pain and suffering resulting from his injury.

Title 28 U.S.C.A. § 1346(b) provides, in part:

" * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Title 28 U.S.C.A. § 2674 provides:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."

 This court concedes that the decided cases, without exception, deny to a federal prisoner the right to recover damages from the United States under the Federal Tort Claims Act for injuries sustained during the period of his incarceration, caused by the negligence of prison officials or employees. The precise holdings of the following cases are related to claims based upon the alleged negligence of federal employees charged with the custody, supervision, or treatment of federal prisoners. Lack v. United States, 8 Cir., 1958, 262 F.2d 167; Klein v. United States, 2 Cir., 1959, 268 F.2d 63; Jones v. United States, 7 Cir., 1957, 249 F.2d 864; Sigmon v. United States, D.C.W.D.Va.1953, 110 F.Supp. 906; Shew v. United States, D.C.M.D.N.C.1953, 116 F.Supp. 1; Van Zuch v. United States, D.C.E.D.N.Y.1954, 118 F.Supp. 468; and, Berman v. United States, D.C.E.D.N.Y.1959, 170 F.Supp. 107.

 While it is rational to conclude that in the sphere of private individuals there is no equivalent of the jailer-prisoner relationship, it is running a good principle into the ground to declare in terms of a categorical imperative that a federal prisoner, by virtue of his status alone, may not sue the United States under the provisions of the Federal Tort Claims Act where his claim is based upon the alleged negligence of a federal employee completely disassociated from his status. Compare Panella v. United States, 2 Cir., 1954, 216 F.2d 622, wherein the question was left open. Nothing in the rationale or the holding of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, conceding that its vitality as an analogy to federal prisoner cases under the Tort Claims Act has not been impaired by Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354, or Indian Towing Co., Inc. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48, sanctions such a rule cast in absolute terms.

The court concludes that under the special facts of this case plaintiff is entitled to recover a judgment against defendant in the sum of $1,000.