George NOBLES, Plaintiff,

v.

FEDERAL PRISON INDUSTRIES, INC. and H. W. Owens, Defendants.

Civ. A. No. 8081.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 7, 1963.

George Nobles, pro se.

Charles Goodson, U. S. Atty., and Burton Brown, Asst. U. S. Atty., Atlanta, Ga., for defendants.

HOOPER, Chief Judge.

Plaintiff, a prisoner incarcerated at the United States Penitentiary, Atlanta, Georgia, brought this action to recover for alleged personal injuries resulting upon the alleged negligence of the Federal Prison Industries, Inc. and H. W. Owens, a foreman employed by Federal Prison Industries, Inc. Plaintiff states that he was injured by working with defective equipment which was owned by Federal Prison Industries, Inc. He also states that the defect in the equipment was reported to H. W. Owens prior to the accident, but that no steps were taken to correct the defect. Owens has been joined in his official capacity as foreman. Jurisdiction is claimed under the Federal Tort Claims Act, 28 U.S.C.A. § 1442.

Defendants have answered denying the material allegations and both have filed a motion for summary judgment on the ground that the petition fails to state a claim upon which relief can be granted, and that defendants are entitled to judgment as a matter of law.

The Court is of the opinion that the motion for summary judgment must be granted in favor of both defendants for the reason that Congress has provided an administrative remedy to compensate prisoners injured while employed by the Federal Prison Industries, Inc., 18 U.S.C.A. § 4126. Thus, it is extremely unlikely that Congress, by the Federal Tort Claims Act, intended to impose any broad tort liability upon the part of the Government to its prisoners.

It is not necessary to rule whether prisoners not engaged by the Federal Prison Industries, Inc. may recover for personal injuries under the Federal Tort Claims Act, as held in Lack v. United States, 262 F.2d 167 (8 Cir., 1958). (The case of Winston v. United States, 305 F.2d 253, 264 (2 Cir., 1962) which rules to the contrary is not in point because the facts of that case arose before the 1961 Amendment to 18 U.S.C.A. § 4126)

Therefore, defendants' motion for summary judgment is granted and the complaint is dismissed without prejudice to plaintiff's right to begin an administrative proceeding before the Attorney General, as provided in 18 U.S.C.A. Chapter 307, § 4121 et seq., in accordance with the regulations promulgated by the Attorney General.