Louis H. GRANADE, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

Jan. 6, 1965.

Parnell J. T. Callahan, New York City, for plaintiff.

J. Charles Kruse, Department of Justice, Washington, D. C., and Dawnald R. Henderson, Asst. U. S. Atty., S. D. New York, of counsel, for the United States.

PALMIERI, District Judge.

This is a motion by the Government for summary judgment pursuant to Fed.R. Civ.P. 56 for failure to state a claim upon which relief may be granted.

On September 13, 1962, the plaintiff was a prisoner at the Federal House of Detention in New York City. On that day, he was injured while engaged in the performance of duties assigned to him. He instituted this action pursuant to 28 U.S.C. §§ 1346(b), 2671 et seq., the Federal Tort Claims Act.

It is undisputed that the plaintiff's injury is compensable under 18 U.S.C. § 4126, which provides in part:

> "The corporation [Federal Prison Industries, Inc.] * * * is authorized to employ the fund, and any earnings that may accrue to the corporation, as operating capital in performing the duties imposed by this chapter; * * * in paying, under rules and regulations promulgated by the Attorney General, * * * [the] *compensation to inmates* or their dependents *for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution where confined.* In no event shall compensation be paid in a greater amount than that provided in the Federal Employees' Compensation Act." (Emphasis added.)

The only question is whether this section provides the plaintiff's sole remedy. If it does, the plaintiff cannot maintain his suit under the Federal Tort Claims Act and summary judgment should be granted.

The entire statutory scheme of remedies against the Government is based on the principle that where there is a remedy available in the form of a compensation system, there is no concurrent right to sue under the Federal Tort Claims Act. E. g., Patterson v. United States, 359 U.S. 495, 496, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); Johansen v. United States, 343 U.S. 427, 439, 72 S.Ct. 849, 96 L.Ed. 1051 (1951); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152 (1950); Balancio v. United States, 267 F.2d 135 (2d Cir.1959); Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768 (D.C.Cir.1958); Nobles v. Federal Prison Industries, 213 F.Supp. 731 (N.D.Ga.1963).

The plaintiff relies on United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L. Ed.2d 805 (1963), for the proposition that he may maintain this action. That case, however, does not support him. The sole issue presented by that case was whether an inmate in a federal penitentiary could maintain a suit against the United States for negligent injury under the Federal Tort Claims Act. The Supreme Court held such a suit was permissible. No compensation act was involved nor was there any question with respect to the exclusiveness of remedies.

It follows from what has been said that the plaintiff may not maintain this action.

The defendant's motion for summary judgment is granted.

Submit order on notice.